# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Justin D. Fuller,

                Petitioner,      Case No. 16-cr-20239

v.                             Judith E. Levy
                                  United States District Judge

United States of America,

                Respondent.

_____/

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [348] AND DENYING MOTION TO APPOINT COUNSEL [361]

Petitioner Justin D. Fuller filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 348.) Petitioner is confined at the Federal Correctional Institution ("FCI") Mendota located in Mendota, California. He was charged in a 14-count indictment for the sexual exploitation of multiple children. A jury found him guilty of all counts. (ECF No. 220.)

Petitioner raises three claims for relief under § 2255. He argues that: (1) the statute he was charged and convicted under is over broad, vague, and prosecutes anonymous speech in violation of the First and

Fifth Amendments to the United States Constitution; (2) by exercising his right to a jury trial, rather than agreeing to a plea agreement, he was penalized in violation of the Sixth Amendment; and (3) his Sixth Amendment rights were violated at trial when the jury received historical cell-phone location information that was not admitted as evidence during trial.  (ECF No. 348, PageID.7052–7055.)

For the reasons set forth below, Petitioner's motion is denied.

## I.    Factual and Procedural History

From approximately November 2013, through March 2015, Petitioner and other individuals worked together as a group to knowingly persuade at least 36 known minor children and hundreds more unknown children to engage in sexually explicit conduct as defined in 18 U.S.C. §2256(2), for the purpose of producing child pornography. The minor children were enticed to engage in sexual acts in front of a web camera, the video of which was recorded and saved by the group members. (*See* ECF 300, ECF No. 340, PageID.7033.)

Petitioner and the other adult group members lied to the children about their identities. They pretended to be teenage children, usually young boys, and they used fake names. Petitioner had multiple roles in

the group's scheme. He "talked" directly with the child victims to coerce them into performing sexual acts and showed the victims previously recorded videos of minors engaging in sexual activity to entice the victim to engage in the same activity. (*See* ECF No. 300.) Petitioner was relentless in his persistence and pursuit of victims. The Government describes Petitioner's online conversations with the victims as lasting "for hours" and being "extremely graphic." (*Id*. at PageID.6208.)

Petitioner boasted to the other group members that he spent significant time "working" on the victims to get a "win for the group." (*Id*. at PageID.6211.) For example, he "worked" on one victim, enticing her to engage in sexual activity, for over four years. (*Id*.) The victims were typically between 10 and 17 years old. One of the identified children was 7, and Petitioner persuaded her to engage in sexual acts with her 11 year-old sister. (*Id*. at PageID.6216–6218.) Some of the children engaged in self-harm on video or told Petitioner about acts of self-harm and suicide attempts they had made, which Petitioner disregarded. (*Id*.)

On March 9, 2016, a subpoena, the FBI seized Petitioner's desktop computer, laptop, and electronic devices. After analyzing only 26.8% of their content, Petitioner's devices were revealed to have more than

44,950 child exploitive videos and images, 6,810 child pornography videos, and 64 child pornography images. (*Id.* at PageID.6212.) Petitioner gave a recorded confession at his home and later gave a recorded polygraph examination and confession, after which he signed a written confession. In each of these confessions, Petitioner admitted to his criminal conduct. (ECF No. 319, PageID.6496.) He also admitted to (1) using the username "YEP" when interacting with the victims on the internet; (2) that the electronic devices and computers containing explicit material were his; (3) communicating directly with the victims and working together with other adult members of the scheme; and (4) recording the children performing sexual acts and saving the recordings. (*See* ECF No. 300.)

This Court presided over Petitioner's case from the first day it was filed. This includes presiding over the jury trial from March 28, 2017 to April 13, 2017. The three-week trial included testimony from co-Defendant Virgil Napier, testimony from one minor victim, and testimony from nine mothers of minor victims. On April 13, 2017, a jury convicted Petitioner on all fourteen counts in the Third Superseding Indictment. (*See* ECF No. 220; *and see* ECF No. 152.)

On June 7, 2017, Petitioner filed a motion for a new trial, which the Court denied on October 11, 2017. (*See* ECF No. 319.) Petitioner's motion for a new trial was based on four arguments: (1) prosecutorial misconduct tainted the trial; (2) the Court erred in limiting cross-examination of co-defendant Virgil Napier regarding sentencing benefits he stood to gain in exchange for his testimony; (3) the Court erred in denying the suppression of evidence for a *Franks* hearing on certain evidence; and (4) Defendant's confrontation clause rights were violated by the admission into evidence of co-defendant John Garrison's video file-naming convention. (ECF No. 319 PageID.6497–6498.)

On September 14, 2017, the Court held Petitioner's sentencing hearing. At sentencing, Petitioner faced a mandatory minimum of 20 years and a maximum of life imprisonment. The Court varied downward from the maximum and sentenced Petitioner to a term of 420 months on count 1 and 360 months on counts 4, 5, 6, 7, 9, 14, 15, 17, and 19,[1] with supervised release to follow and to include certain mandatory, standard, and special conditions, as well as monetary penalties as set forth in the

---

[1] Although charged and convicted of 14 counts, the Court granted the Government's motion to dismiss counts 2, 11, and 12. (ECF No. 332.)

5

Judgment. (ECF No. 322.)

Petitioner filed a notice of appeal on October 24, 2017. (ECF No. 324.) In his appeal, he argued that: (1) the affidavit in support of the search warrant failed to establish probable cause to search his residence; (2) this Court erred in denying Petitioner a full *Franks* hearing; and (3) there was insufficient evidence to support his convictions on Counts 14, 17, and 19. (*See* ECF No. 340, PageID.7037.) On January 3, 2019, the Sixth Circuit Court of Appeals denied Petitioner's appeal in full and affirmed this Court's Judgment. (*Id.* at PageID.7039.) Petitioner sought a writ of certiorari with the United States Supreme Court, which it denied on June 13, 2019. (ECF No. 346.)

On February 12, 2020, Petitioner filed this motion to vacate under § 2255. In it, he sets forth three arguments for relief, as set forth above. The government responded to Petitioner's motion on May 27, 2020. (ECF No. 355.) Petitioner filed a reply brief (ECF No. 356) and a supplemental brief (ECF No. 357.).

## II.   Legal Standard

28 U.S.C. § 2255 governs writs of habeas corpus brought by prisoners convicted of violating federal law. It states, in relevant part:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Sixth Circuit states that "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Where a petitioner failed to raise a claim on direct appeal, he may be barred from raising an issue for the first time in a § 2255 motion. The Sixth Circuit explains that:

7

When the section 2255 petitioner has procedurally defaulted his contentions by failing to assert them on direct appeal or via a previously litigated habeas application, he must further either prove (1) that he possessed good cause for failing to do so and would suffer actual prejudice if his averments are deemed precluded, or (2) that he is actually innocent of the subject offense.

*Id.*

### III.   Analysis

As set forth above, the issues that Petitioner raises in his § 2255 petition were not raised on direct appeal. Petitioner does not argue actual innocence. Accordingly, Petitioner is precluded from habeas relief under § 2255 because of procedural default unless he can show good cause for failing to assert his three arguments on direct appeal and that he would suffer actual prejudice if precluded from doing so.

Petitioner argues that good cause exists because his appellate counsel was ineffective for failing to pursue certain legal theories. Ineffective assistance of counsel can constitute good cause to excuse procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

To prevail on a claim of ineffective assistance of appellate counsel, a habeas petitioner must demonstrate (1) that his appellate attorney was "objectively unreasonable" in failing to discover and raise non-frivolous

8

issues on appeal, and (2) there is "a reasonable probability that, but for his counsel's unreasonable failure" he would have prevailed on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687–91, 694 (1984)).

An appellate attorney is not required to raise every non-frivolous claim requested by their client if the attorney decides, as a matter of professional judgment, not to raise the claim. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also Richardson v. Palmer*, 941 F.3d 838, 858 (6th Cir. 2019) ("Appellate attorneys are not required to raise every 'colorable' claim."). In fact:

> the process of "'winnowing out weaker arguments on appeal'" is "the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting *Barnes*, 463 U.S. at 751–52, 103 S.Ct. 3308). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

*Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

None of the arguments that Petitioner claims that his appellate attorney was ineffective for failing to raise have merit or would have had a reasonable probability of changing the result.

9

Petitioner's first § 2255 claim is meritless. His first argument is that the statute he was charged and convicted under is over broad, vague, and prosecutes anonymous speech in violation of the First and Fifth Amendments to the United States Constitution. Petitioner argues that if he had been a minor at the time he enticed and recorded the minor victims, his "speech" would not have violated the law. Therefore, he argues, punishing his speech simply because he is an adult is unconstitutional.

Petitioner is plainly wrong. First, Petitioner was not a minor at the time he committed the illegal acts that form the basis for his conviction, so a hypothetical scenario where he was also minor is irrelevant to his conviction and sentence. Second, even if Petitioner had been a minor when he committed the acts underlying his conviction, there are state and federal laws (including the laws under which Petitioner was convicted, which do not have a minimum age requirement for the perpetrator) that prohibit that conduct.

And third, child pornography and intentional coercion of a minor to engage in acts that constitute child pornography and sexual abuse are not protected speech. As the Supreme Court has stated, "[t]he sexual

abuse of a child is a most serious crime and an act repugnant to the moral instincts of decent people." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). Congress may pass valid laws to protect children from abuse without violating the constitution. *See New York v. Ferber*, 458 U.S. 747 (1982) (upholding the constitutionality of a New York criminal statute which prohibits persons from knowingly promoting sexual performances by children); *and see Ginsberg v. New York*, 390 U.S. 629 (1988) (the government may punish adults who provide unsuitable materials to children and may enforce criminal penalties for unlawful solicitation of children).

Petitioner's second claim also lacks merit. His second § 2255 argument is that by exercising his right to a jury trial, rather than agreeing to a plea agreement, Petitioner was penalized in violation of the Sixth Amendment. He argues that he received a higher sentence when going to trial than he would have if he had pleaded guilty. Before trial, the Government made an offer to Petitioner that it would cap the sentence request at 60 years if Petitioner pleaded guilty. (ECF No. 355, PageID.7108.) After his trial and conviction, this Court sentenced Petitioner to 35 years on one count and 30 years on the remainder, to be

served concurrently. Thus, Petitioner received a lower sentence following his trial than he would have received if he had accepted the plea deal.

Moreover, the Court sentenced Petitioner within the guideline range. "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 231 (6th Cir.2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). Accordingly, this argument is meritless.

Petitioner's third §2255 claim is equally without merit. Petitioner argues that his Sixth Amendment rights were violated at trial when the jury received historical cell-phone location information that was not admitted as  evidence. Petitioner fails to develop this argument. He presents no evidence that the jury was shown anything that was not admitted at trial. The Government clarifies in its brief that, while its exhibit binder initially contained the historic cell-phone information, "any exhibits that were not admitted at trial were removed from the binder directly after closing statements." (ECF No. 355, PageID.7107.) Accordingly, the exhibits that were not admitted into evidence never made it to the jury room. The Court, Petitioner's counsel, and two

12

prosecutors reviewed the binder before it was sent to the jury. Petitioner's claim lacks any basis in fact and could not possibly impact the outcome of his case.

Because none of Petitioner's § 2255 arguments have merit or a reasonable probability of prevailing, his appellate counsel was not ineffective for failing to raise them. Petitioner argues that his only reason for failing to raise these issues on appeal is "ineffective assistance of counsel Mr. Lanker." (ECF No. 348, PageID.7052.) He does not further develop this argument in a meaningful way. Accordingly, Petitioner fails to establish good cause for failing to raise his claims on direct appeal. Because his § 2255 claims lack merit, even if Petitioner's procedural default was excused for his counsel's deficient performance, Petitioner is not entitled to habeas relief.

## IV.    Petitioner's Additional Docket Entries

In addition to Petitioner's § 2255 motion, Petitioner has filed three items with requests and/or motions. The first filing, on January 11, 2023, is entitled "Request under the Freedom of Information Act." (ECF No. 358.) The second is entitled "Request for Sealed Transcripts." (ECF No.

359.) And third filing is a motion for appointment of counsel. (ECF No. 361.) All three are denied for the reasons set forth below.

First, the Freedom of Information Act ("FOIA") docket entry is improper. (ECF No. 358.) The FOIA statute requires government agencies to make certain records and information available to the public. *See* 5 U.S.C. § 552. Each agency publishes guidance regarding the methods by which the public can request information under FOIA. *Id*. A court docket in a criminal case is not the method to make such a request to an agency.[2] If Petitioner wishes to use FOIA to request materials from a government agency he must follow the agency's requirements under FOIA, and may not use this Court's docket in an effort to do so. The Clerk's office is directed to strike the FOIA request, ECF No. 358, as an improper filing.

Next, Petitioner requests a copy of a sealed portion of the trial transcript from April 12, 2017. (ECF No. 359.) He states that he "needs to view them to make sure there is not another claim under ineffective assistance of counsel[.]" (*Id*. at PageID.7222.) During that portion of the

---

[2] While FOIA can be a tool for a litigant to obtain information in support of a criminal or civil case, the Sixth Circuit has stated that "a FOIA request is not a substitute for the normal process of discovery in civil and criminal cases." *Rugerio v. U.S. Dep't of Justice*, 257 F.3d 534, 546 (6th Cir. 2001) (internal citations omitted).

14

trial, the Court conducted a sealed sidebar conference with Petitioner's counsel. (ECF No. 231 *SEALED*, PageID.3528.) After the sealed sidebar conference, the Court went back on the record and asked the assistant prosecutor, Mr. Berry, some questions based on Petitioner's counsel's arguments made in sidebar, and explained this in open Court. (*Id*. at PageID.3530–3531.) The Court then directed that Mr. Berry's cross-examination be limited in certain regards relating to the number of times a witness was able to identify a specific individual when examining Petitioner's electronic devices. In other words, what transpired before, during, and after the sealed side bar was that Petitioner's counsel objected to a line of questioning, set forth the basis for the objection in a sealed sidebar discussion with the Court, and prevailed. Indeed, the Court sustained Petitioner's counsel's objection in open court. Because Petitioner's prevailed in his objection at sidebar, thereby limiting the evidence admitted against him, he cannot set forth a cognizable argument that his counsel was ineffective in making the objection. Moreover, this claim is procedurally defaulted.

Third, Petitioner filed a motion for appointment of counsel. (ECF No. 361.) In it, he argues there are three grounds for appointing counsel.

First, he cites to his request for a portion of the sealed transcripts, which, as discussed above, is meritless. Second, Petitioner cites to his request for information under FOIA, which, as discussed above, is an invalid request and has been stricken. And third, Defendant argues that counsel should be appointed to his case because he has only read about half of the discovery due to a computer issue at FCI Mendota. Accessing discovery does not require appointment of counsel, and none of Petitioner's claims have merit. Moreover, Petitioner had access to discovery before trial and has the entire trial record available for review. Petitioner's motion for appointment of counsel is denied.

## V.   Conclusion

For the reasons set forth above, Petitioner's § 2255 motion is denied. (ECF No. 348.) Defendant's motion for appointment of counsel is denied. (ECF No. 361.) The Clerk's office is directed to strike docket entry ECF No. 358 as an improper filing. And, to the extent ECF No. 359 is construed as a motion, it is denied for the reasons set forth above.

IT IS SO ORDERED.

Dated: July 5, 2023                    s/Judith E. Levy
      Ann Arbor, Michigan        JUDITH E. LEVY
                                 United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 5, 2023.

<u>s/Erica Parkin on behalf of</u>
WILLIAM BARKHOLZ
Case Manager