# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Justin D. Fuller,

          Petitioner,    Case No. 16-cr-20239

v.    Judith E. Levy
United States District Judge

United States of America,

    Mag. Judge Anthony P. Patti

          Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY [363]

On July 5, 2023, the Court denied Petitioner Justin D. Fuller's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 362.) On July 24, 2023, Petitioner filed a notice of appeal and requested a certificate of appealability.[1] (ECF No. 363.)

Under 28 U.S.C. § 2253(c)(1), an appeal may not be taken in a § 2255 proceeding unless a certificate of appealability has been issued to the movant. *See also* Fed. R. App. P. 22(b) ("[I]n a 28 U.S.C. §2255

---

[1] On December 27, 2023, the United States Court of Appeals for the Sixth Circuit sent a letter to the Clerk of this Court, requesting that the undersigned enter an order granting or denying the certificate of appealability.

proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)."). Likewise, Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "substantial showing of the denial of a constitutional right" standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir.

2017) (quoting *Slack*, 529 U.S. at 484). "While this standard is not overly rigid, it still demands 'something more than the absence of frivolity.' In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)).

In his request for a certificate of appealability, Petitioner fails to explain why his claims are not procedurally defaulted nor does he explain why his constitutional claims are meritorious. (*See* ECF No. 363, PageID.7252–7263.) Instead, Petitioner's request rehashes his previous arguments and raises new arguments not previously raised in his § 2255 motion. (*See id.*) As such, Petitioner has not made the "substantial showing of the denial of a constitutional right" required to obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

Accordingly, the Court DENIES Petitioner's request for a certificate of appealability. (ECF No. 363.)

The Court DIRECTS the Clerk to transmit a copy of this order to the United States Court of Appeals for the Sixth Circuit in order to

3

supplement the record in Case No. 23-1693, *Justin Fuller v. United States of America.*

IT IS SO ORDERED.

Dated: January 4, 2024  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 4, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager